## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:                                             CHAPTER 13
MARK S. GREER                             CASE NO. 1103337EE
WHITNEY L. GREER


MARK S. GREER AND                    ADVERSARY NO. 1200023EE
WHITNEY L. GREER

V.

HEALTHCARE FINANCIAL SERVICES, LLC
AND ADVANCED RECOVERY SYSTEMS, INC.[1]


Hon. Edwin Woods, Jr.                                  Attorney for Debtors
130 Southpointe Drive
Suite D
Byram, MS 39272

Hon. William V. Westbrook, III          Attorneys for Healthcare Financial Services, LLC
2408 14th Street
Gulfport, MS 39501

Hon. Robert W. Camp
P. O. Box 529
Jackson, MS 39205-0529

Edward Ellington, Judge


## MEMORANDUM OPINION
## ON *HEALTHCARE FINANCIAL SERVICES, LLC'S*
## *MOTION FOR SUMMARY JUDGMENT* AND *HEALTH*
## *CARE FINANCIAL SERVICES, LLC'S SUPPLEMENTAL*
## *MOTION TO DISMISS ADVERSARY COMPLAINT AND OTHER RELIEF*

---

[1]Advanced Recovery Systems, Inc. was dismissed as a defendant by the *Agreed Order of Dismissal as to Advanced Recovery Systems, Inc.* (Adv. #49) entered on November 26, 2012.

**THIS MATTER** came before the Court on *Healthcare Financial Services, LLC's Motion for Summary Judgment* (Adv. #46) and *Healthcare Financial Services, LLC's Supplemental Motion to Dismiss Adversary Complaint and Other Relief* (Adv. #54).

Having considered the motions and the briefs filed by Healthcare Financial Services, LLC (HFS) in support of its motions, the Court finds that *Healthcare Financial Services, LLC's Motion for Summary Judgment* (Adv. #46) should be granted in part and denied in part. Since the adversary proceeding is being dismissed on summary judgment, the Court finds that *Healthcare Financial Services, LLC's Supplemental Motion to Dismiss Adversary Complaint and Other Relief* (Adv. #54) is moot, and that HFS's request for attorney fees contained within *Healthcare Financial Services, LLC's Supplemental Motion to Dismiss Adversary Complaint and Other Relief* (Adv. #54) should be denied.

Further, the Court *sua sponte* grants summary judgment in favor of the Debtors as to the counterclaim contained within the *Separate Answer to Adversary Complaint and Counterclaim by the Defendant Healthcare Financial Services, LLC* (Adv. #12). Consequently, the above-styled adversary proceeding should be dismissed.

## FINDINGS OF FACT

### I. Procedural Background

On September 22, 2011, Mark S. Greer and Whitney L. Greer (Debtors) filed a joint petition for relief under Chapter 13 of the United States Bankruptcy Code. The petition was signed by their attorney, Edwin Woods, Jr.

At some point prior to the filing of the petition, Whitney L. Greer (Whitney) obtained a student loan from Feild Cooperative Association, Inc. (Feild). Feild is a non-profit organization that

grants students loans up to $5000.00 per year for a period of four years.  HFS is a collection agency that was hired by Feild to collect from Whitney approximately $7,400.00, the amount of the unpaid Feild loan owed by Whitney.

The Debtors' *Schedule F – Creditors Holding Unsecured Nonpriority Claims* (#4) lists the following creditors which are pertinent to this Opinion:

| | | |
|---|---|---|
| Healthcare Financial<br>643 Lakeland East Drive<br>Flowood, MS 39232 | medical | $7,783.00 |
| Jackson Medical CL<br>c/o Healthcare Financial<br>643 Lakeland East<br>Flowood, MS 39232 | Representing:<br>Healthcare Financial | Notice Only |
| Sports Therapy Center<br>207 West Jackson St<br>Ridgeland, MS 39157 | Representing:<br>Healthcare Financial | Notice Only |

Apparently, *Schedule F* misidentifies the student loan as "medical," overstates the balance of the student loan by $338.32, and incorrectly associates HFS with Jackson Medical and Sports Therapy Center.  On November 21, 2011, the *Order Confirming the Debtor's Plan, Awarding a Fee to the Debtor's Attorney and Related Orders* (#30) (Confirmation Order) was entered by the Court.  Pursuant to the plan confirmed in the Confirmation Order, HFS is treated as an unsecured creditor.

On March 1, 2012, the Debtors commenced the above-styled adversary proceeding by filing their *Complaint Seeking Damages for Violation of the Automatic Stay* (Adv. #1) (Complaint).  The Complaint was signed by Mr. Woods, their attorney.  The Complaint contained two counts:  Count I was a claim against HFS, and Count II was a claim against Advanced Recovery Systems, Inc.

As to Count I, Whitney alleged that subsequent to the filing of the bankruptcy petition, HFS filed suit against Whitney on October 13, 2011, in the County Court of Rankin County, Mississippi

3

(County Court Lawsuit). Whitney alleged that HFS violated the automatic stay of 11 U.S.C. § 362[2] and requested compensatory damages, punitive damages, attorney's fees and costs pursuant to § 362(k).

As to Count II, Mark S. Greer (Mark) alleged that fifteen (15) days before the bankruptcy petition was filed, Advanced Recovery Systems, Inc. filed suit against Mark in the Justice Court of Rankin County, Mississippi, seeking to collect a pre-petition medical debt owed by Mark to Southern Diagnostic. Mark alleged that Advanced Recovery Systems, Inc. continued to prosecute its collection action in justice court post-petition. Advanced Recovery Systems, Inc. was dismissed as a defendant by an agreed order entered on November 26, 2012. (Adv. #49). Therefore, this Opinion will only address the remaining Count I which relates to HFS.

On April 27, 2012, HFS filed its *Separate Answer to Adversary Complaint and Counterclaim by the Defendant Healthcare Financial Services, LLC* (Adv. #12) (Answer or Counterclaim). Even though only Whitney was liable to Feild/HFS, the Counterclaim was filed "against either or both of the Debtors."[3] In its Counterclaim, HFS alleged that it should be awarded sanctions and attorney fees because the Debtors and their attorney committed a fraud upon the Court and that the Confirmation Order should be revoked, modified or clarified to state that the student loans are nondischargeable unless Whitney complies with the requirements for a hardship discharge.

The Court entered a *Scheduling Order* (Adv. #22) on May 29, 3013. This *Scheduling Order* was later amended with the entry of the August 15, 2012, *Agreed Order Amending Scheduling Order*

---

[2]Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

[3]*Separate Answer to Adversary Complaint and Counterclaim by the Defendant Healthcare Financial Services, LLC,* Adversary No. 12-00023EE, Adv. #12, p. 6, April 27, 2012.

4

(Adv. #36).  The amended scheduling order set November 20, 2012, as the deadline for the filing of all motions, except *in limine* motions.

On October 5, 2012, the Debtors' filed *Debtors' Response to Counterclaim of Healthcare Financial Services, LLC.* (Adv. #43) (Answer to Counterclaim).  In their Answer to Counterclaim, the Debtors deny the majority of HFS's allegations and state that the Counterclaim should be dismissed.

Thereinafter, HFS filed *Healthcare Financial Services, LLC's Motion for Summary Judgment* (Adv. #46) (Summary Judgment Motion) on November 20, 2012.  In its Summary Judgment Motion, HFS states that there are no questions of material fact, and therefore, HFS is entitled to a judgment as a matter of law dismissing the Debtors' adversary proceeding.  In addition, HFS seeks modification of the Confirmation Order.  Finally, included within its Summary Judgment Motion, is HFS's request for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011.[4]

On November 26, 2012, the Clerk's *Notice Regarding Motion for Summary Judgment*[5] was sent to the Mr. Woods.  The notice directed Mr. Woods's attention to Local Rule 7056-1 of the *Uniform Local Rules for the United States Bankruptcy Courts of the Northern and Southern Districts of Mississippi.*  Local Rule 7056-1(3)(B) states that a respondent shall file its response and brief to a motion for summary judgment within 21 days of service of the motion.

By subsequent order of the Court, the Debtors were given an extension of time (past the 21 day deadline), until January 15, 2013, to respond to the Summary Judgment Motion (Adv. #53).  As

---

[4]Hereinafter, all Rules refer to the Federal Rules of Bankruptcy Procedure unless specifically noted otherwise.

[5]The Clerk of the Bankruptcy Court routinely sends this notice to counsel for the parties when a motion for summary judgment or a motion to dismiss is filed.

of the date of this Opinion, the Debtors have failed to file any responsive pleading to the Summary Judgment Motion.

Even though the deadline to file all motions (except *in limine* motions) had passed on November 20, 2012, and even though HFS had already filed the Summary Judgment Motion, HFS filed *Healthcare Financial Services, LLC's Supplemental Motion to Dismiss Adversary Complaint and Other Relief* (Adv. #54) (Motion to Dismiss) on February 22, 2013. In its Motion to Dismiss, HFS alleges that the adversary should be dismissed pursuant to Rule 7041 for failure of the Debtors to prosecute their adversary proceeding; that the Confirmation Order should be revoked, modified or clarified to state that the student loans are nondischargeable; and that HFS should be awarded attorneys' fees and costs.

While HFS's Motion to Dismiss was not brought as a Rule 7012 motion, the Clerk nevertheless sent Mr. Woods a *Notice Regarding Motion to Dismiss* on February 25, 2013. The notice directed Mr. Woods's attention to Local Rule 7012-1 and Local Rule 7056-1 of the *Uniform Local Rules for the United States Bankruptcy Courts of the Northern and Southern Districts of Mississippi*. As of the date of this Opinion, the Debtors have failed to file any responsive pleading to the Motion to Dismiss.

## II.  HFS's Material and Uncontested Facts in Support of Summary Judgment Motion

The following is HFS's statement of *Material and Uncontested Facts* incorporated in its *Memorandum in Support of Healthcare Financial Services, LLC's Motion for Summary Judgment*. The Court acknowledges that some of the facts below include a portion of the procedural history stated above.

HFS is a collection agency customarily engaged in the collection of third-party debts.

On July 1, 2010, HFS's principal office moved from 643 Lakeland East Drive, Jackson, MS 39232 to 911 Flynt Dr., Flowood, MS 39232 (Post Office Box 320309, Flowood, MS 39232).  HFS has since done business and received mail at the Flynt Dr. physical address and the P.O. Box mailing address, which remained unchanged. HFS's telephone number was the same at all relevant times.

Feild Cooperative Association, Inc., 4400 Old Canton Rd., Suite 170, Jackson, Mississippi 39211 ("Feild") is a business client of HFS. According to its website,[6] Feild was organized in 1919 for charitable, educational and scientific purposes. In 1925, Feild established a Revolving Student Loan Fund which is designed to be self-perpetuating through the cooperation of every borrower paying loans when due, which is necessary to ensure the continuous operation of the Association. The Feild loan maximum amount is $5000 per year, which does not accrue interest until the loan is in repayment. At that time, the loan will accrue a fixed rate of 6% per annum. Students may borrow for a period of four (4) years if there are no changes to the student's eligibility or credit. First payment on an account is due not later than 3 months from date of graduation, or withdrawal from college for any reason.  Feild is a Mississippi nonprofit corporation in good standing chartered December 14, 1936, which is approved by the IRS under Section 501(c)(3) "to assist young men and women in obtaining post-secondary education and to aid, assist, and encourage and contribute toward the support of any educational or scientific undertaking and in general to help worthy charity." The application process is not cursory:

> The student must schedule an appointment for an interview at the Feild Co-Operative Association, Inc. office [located in Jackson, Mississippi] in order to receive an application. Upon receipt of the completed application, a credit report on all borrowers will be acquired and must show a history of acceptable credit.  [#19].

Ms. Greer obtained a $7444.68 Feild loan (account number 23-3018)("the Account") which she failed to repay. See June 6, 2011 Creditor's Affidavit of Assignment exhibited with HFS's Collection Complaint, Exhibit "A" to Adversary Complaint [#35, p. 11].   The Account was referred by Feild to HSS *[sic]* for collection on or about April 12, 2011. *This occurred approximately a year after HFS moved to its current office address. Id.*

On or about April 13, 2011, over 5 months before the initiation of the Debtors' Chapter 13 proceeding, HFS sent a letter to Whitney Greer requesting that she communicate any response to HFS's attention to the following address: Post Office Box 320309, Flowood, MS 39232, or to a telephone number: (601) 933-2520. The letter was sent postage prepaid via United States mail and was not returned marked

---

[6]http://www.feildstudentloans.org

"undelivered." HFS's letter invited Whitney Williams (Whitney Greer) to notify HFS within 30 days if she disputed all or any part of the debt. HFS received no response. HFS thereafter suspended its collection activities and referred the Account to Mr. Camp to initiate a collection action.

Mr. Camp directed a July 18, 2011 demand letter to Ms. Greer correctly identifying "Feild Cooperative Association, Inc." as her creditor and that she owed the sum of $7444.68. This letter was mailed only 2 months *before* the Debtors' Chapter 13 proceeding was initiated on September 22, 2011. That letter was not returned undelivered. Camp's letter, like HFS's, invited Whitney Williams (Whitney Greer) to notify him within 30 days if she disputed the debt. Again, she did not respond.

On or about October 13, 2011, Mr. Camp filed suit against Ms. Greer in the County Court of Rankin County, Mississippi. HFS and Mr. Camp were unaware of the Debtors' Chapter 13 proceeding at that time, or indeed, at any time until of October 25, 2011. The reason why is documented in the Docket and certain pleadings on file in this adversary proceeding. Collectively, these items demonstrate that despite Ms. Greer's receipt of correspondence from HFS and Mr. Camp providing their respective correct and current mailing and other contact information, the Debtors and their attorney: (a) never provided HFS's correct mailing address to this Court until the time that they initiated the present adversary proceeding; (b) misidentified the Account in Schedule F to their Petition as well as the original Matrix and amended Matrix, which have never been corrected; (c) never served HFS or Mr. Camp with the Notice to Creditors, or any other pleading or notice prior to the Adversary Complaint, and (d) never otherwise notified HFS or Mr. Camp of the initiation or pendency of this bankruptcy proceeding prior to October 25, 2011. HFS and Mr. Camp did not receive the Notice to Creditors or any of the subsequent notices or orders issued by this Court or the Debtors' Motion to Amend Plan [#24] or the Amended Plan [#25], or the Notice to File Written Objections to the Plan [#26], or the Order Confirming the Chapter 13 Plan [#30], or any other pleading filed in the Chapter 13 proceeding prior to service of the post confirmation Adversary Complaint. [#1].

When notified of the bankruptcy and adversary proceeding, Mr. Camp promptly reviewed the docket and the related bankruptcy proceeding and quickly discovered that (a) the Feild nondischargeable student loan was not listed anywhere in the petition or schedules, and that every notice of the bankruptcy mailed to HFS had been returned to the Clerk of this Court, marked "undelivered," because someone provided an incorrect address for HFS in the schedules and matrix, which has yet to be corrected. Upon further investigation, Mr. Camp discovered the substantial balance of the Feild student loan had been lumped together with two negligible unrelated discharge of medical debts of the Debtors, incorrectly described only as "medical debt" owed to HFS at an incorrect address.

Mr. Camp promptly attempted to contact one of the Debtors' attorneys, Mr. Edwin Woods, to bring these matters to his attention. After several tries, Mr. Camp, on or about March 26, 2012, advised Mr. Woods of the results of his investigation, and requested that the adversary proceeding against HFS be dismissed. Mr. Woods declined to do so, stating that he needed time to investigate the matter, which forced HFS to engage independent adversary defense counsel, Mr. William V. Westbrook, III, on or about April 17, 2012.

HFS was thereafter forced to file an Answer and Counterclaim [#12] in the adversary proceeding, in which HFS requested that the adversary complaint be dismissed and that the Order confirming the Debtor's Chapter 13 plan be modified so as to clarify that the Feild loan and interest accruing thereon would not be discharged unless Ms. Greer complied with the requirements for a hardship discharge. Ms. Greer never initiated the proper kind of request for a hardship discharge of her student loan.

Because the Debtors did not timely answer or otherwise respond to HFS's adversary counterclaim, HFS filed an application for entry of default. Mr. Camp and Mr. Westbrook met and conferred with Mr. Woods in person in Jackson, Mississippi on July 23, 2012, when HFS's application for entry of default was initially set for hearing. At that time, Mr. Woods again stated to Mr. Camp and Mr. Westbrook, and later that same day, for the first time to Judge Ellington, that he was considering voluntarily dismissing the adversary complaint against HFS, but he had not yet had an opportunity to fully investigate this matter. Mr. Woods also admitted that the Debtor's petition and schedules and adversary complaint had been prepared by someone other than himself who was no longer associated with his firm, but no further explanation was forthcoming. Counsel for HFS advised Mr. Woods on that occasion that any settlement of the adversary proceeding would have to include reimbursement for at least some of HFS's substantial attorney's fees incurred. Judge Ellington reset the application for entry for default for hearing on September 5, 2012, and directed the parties to confer with each other in an effort to arrive at a settlement.

Mr. Camp and Mr. Westbrook thereafter conferred with Mr. Woods as directed by Judge Ellington, in an effort to resolve this matter before the second hearing. Mr. Woods continued to take a position that this investigation was ongoing until HFS, in an effort to mitigate its damages, agreed to concede the application for entry of default, if the Debtors would file an answer to the Counterclaim by a date certain. An agreed order [#39] to this effect avoided the second hearing. Mr. Woods thereafter finally offered to voluntarily dismiss the adversary proceeding against HFS, in a proposed order not addressing the substantial attorney's fees incurred by HFS to that point. When reminded again that HFS's attorney's fees had to be addressed, Mr. Woods requested and was given a redacted partial copy of Mr. Westbrook's attorney's fee bill to corroborate the substantial expenses incurred by HFS. Even after HFS offered to accept substantially less than the actual attorney's fees incurred and documented in Mr. Westbrook's billings, no offer to reimburse any part of

9

HFS's attorney's fees has been forthcoming.

Because the settlement has not been concluded and the fee issue has not been voluntarily addressed by Debtors or their attorney, HFS is now forced to seek appropriate relief from this Court.

*Memorandum in Support of Healthcare Financial Services, LLC's Motion for Summary Judgment*

Adversary No. 12-00023EE, Adv. #47, pp. 1-6, November 20, 2012.

## CONCLUSIONS OF LAW

### I.  Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1).

### II.  Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure[7] provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When considering a motion for summary judgment, "the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 2510 (1986)." *Newton v. Bank of America (In re Greene),* 2011 WL 864971, at *4 (Bankr. E.D. Tenn. March 11, 2011).

---

[7]Federal Rule of Civil Procedure 56 is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056.

"The moving party bears the burden of showing the . . . court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)." *Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003).

Once a motion for summary judgment is pled and properly supported, the burden shifts to the non-moving party to prove that there are genuine disputes as to material facts by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials."[8]  Or the non-moving party may "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute."[9]  When proving that there are genuine disputes as to material facts, the non-moving party cannot rely "solely on allegations or denials contained in the pleadings or 'mere scintilla of evidence in support of the nonmoving party will not be sufficient.' *Nye v. CSX Transp., Inc.,* 437 F. 3d 556, 563 (6th Cir. 2006); *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986)." *Newton,* 2011 WL 864971, at *4.  "[T]he nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action." *Malacara v. Garber,* 353 F.3d 393, 404 (5th Cir. 2003).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 106 S. Ct. at 1356 (citations omitted).

When considering a motion for summary judgment, the court must view the pleadings and evidentiary material, and the reasonable inferences to be drawn therefrom, in the light most

---

[8]Fed. R. Bankr. P. 7056(c)(1)(A).

[9]Fed. R. Bankr. P. 7056(c)(1)(B).

favorable to the non-moving party, and the motion should be granted only where there is no genuine issue of material fact. *Thatcher v. Brennan*, 657 F. Supp. 6, 7 (S.D. Miss. 1986), *aff'd*, 816 F.2d 675 (5th Cir. 1987)(citing *Walker v. U-Haul Co. of Miss.*, 734 F.2d 1068, 1070-71 (5th Cir. 1984)); *See also Matshushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538, 553 (1986). The court must decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52, 106 S. Ct. 2502, 2512, 91 L. Ed. 2d. 202 (1986).

However, a motion for summary judgment may not be granted by default. "Ultimately, '[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed.' *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985)."[10]

> If the nonmovants fail to respond appropriately, or if they fail to respond at all, summary judgment is not awarded to the moving parties simply by default. *See Ford–Evans v. Smith,* 206 F. App'x 332, 334 (5th Cir.2006); *Hetzel v. Bethlehem Steel Corp.,* 50 F.3d 360, 362 n. 3 (5th Cir.1995) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985)); *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir.1985). Summary judgment is appropriate only if the moving parties have demonstrated the absence of a genuine dispute of material fact, and shown that judgment is warranted as a matter of law. *See Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 163 (5th Cir.2006).

*Palmer v. Chicago Title Ins. Co.*, 2013 WL 3049343, at *2 (S.D. Tex. June 17, 2013).

---

[10]*Lehman v. Holleman*, 2012 WL 3945392, at *2 (S.D. Miss. Sept. 10, 2012) *aff'd,* 12-60814, 2013 WL 1609778 (5th Cir. Apr. 15, 2013).

## A. Application to the Case at Bar

As noted above, in its Summary Judgment Motion, HFS requests sanctions pursuant to Rule 9011 and a modification of the Confirmation Order so that the debt to HFS will not be discharged. In addition, HFS asserts that it is entitled to a judgment as a matter of law dismissing the Debtors' adversary proceeding.  The Court will separately address these three requests.

### i.  Rule 9011 Sanctions

Within its Summary Judgment Motion, HFS raises the issue of sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011.  Rule 9011 provides in pertinent part:

Rule 9011.  Signing of Papers; Representations to the Court; Sanctions; Verification and Copies of Papers.

(a) Signature.  Every petition, pleading, written motion, and other paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name. A party who is not represented by an attorney shall sign all papers. Each paper shall state the signer's address and telephone number, if any. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

(b) Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary

13

support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions.  If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.
(A) By Motion.  A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004.  The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, . . . . If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

Fed. R. Bankr. P. 9011.

In *Nelson v. Nationwide Mutual Ins. Co.,* United States District Court Judge, Daniel P. Jordan, III, recently addressed a similar situation in which a request for sanctions under Rule 11 of the Federal Rules of Civil Procedure was not filed in a separate motion nor was the *safe harbor* provision followed.  Judge Jordan found that:

The Nelsons argue it was an error of law to order sanctions against their counsel because Defendants Tatum and Upshaw "failed to follow the timeline of notice under the 'safe harbor' provision and failed to file a separate motion for sanctions." Pls.' Mot. to Reconsider [33] at 7. Plaintiffs are correct that, in the Fifth Circuit, Federal Rule of Civil Procedure 11 is strictly construed and compliance with the procedures

14

set forth in the federal rule is mandatory. *In re Pratt,* 524 F.3d at 588 ("[W]e have continually held that compliance with Rule 11 is mandatory.") (finding informal notice of sanctions motion via letter does not satisfy Rule 11); *Elliott v. Tilton,* 64 F.3d 213, 216 (5th Cir.1995) (reversing imposition of sanctions per Rule 11 where movant failed to serve motion for sanctions on defendants prior to filing, as required by Rule 11).

In this case, Defendants' motion for attorney's fees was not filed "separately from any other motion" as required by federal Rule 11, but was instead included in their Motion to Dismiss, or Alternatively for Summary Judgment. *See* Defs.' Notice of Non–Adjudicated Motions [15] Ex. A. Neither did Defendants serve the Nelsons with a separate motion for sanctions 21 days prior to filing the motion, as required by federal Rule 11(c). Defendants' informal letter notice to the Nelsons' counsel on April 6, 2011 fails to satisfy Rule 11(c). Defs.' Resp. in Opp. to Mot. to Reconsider [35] Ex. B.; *see In re Pratt,* 524 F.3d at 588. Thus, the Court erred in sanctioning the Nelsons' counsel pursuant to federal Rule 11, and that part of the June 30, 2011, Order is hereby vacated.

*Nelson v. Nationwide Mut. Ins. Co.*, 2012 WL 393242, at *5 (S.D. Miss. Feb. 6, 2012) (footnote omitted).[11]

The Court of Appeals for the Fifth Circuit has consistently "held that strict compliance with Rule 11 is mandatory,"[12] and that "[c]ompliance with the service requirement is a mandatory prerequisite to an award of sanctions under Rule 11."[13]  "A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with the [safe harbor provision]."[14]

As noted previously, HFS's request for Rule 9011 sanctions is contained within its Summary Judgment Motion.  HFS's inclusion of the request for Rule 9011 sanctions within its Summary

---

[11]In *Nelson*, Judge Jordan distinguished between Rule 11 of the Federal Rules of Civil Procedure and Rule 11 of the Mississippi Rules of Civil Procedure.  Judge Jordan found that while sanctions were not proper under (federal) Rule 11, he did award sanctions pursuant to the Mississippi Litigation Accountability Act and Mississippi Rule of Civil Procedure 11.

[12]*The Cadle Co. v. Pratt (In re Pratt),* 524 F.3d 580, 588 (5th Cir. 2008) (footnote omitted).

[13]*Id.* at 586 (footnote omitted).

[14]*Ovella v. B&C Constr. & Equip., LLC*, 2012 WL 3267530, at *2 (S.D. Miss. Aug. 9, 2012).

Judgment Motion fails to comply with the procedural requirement of Rule 9011(c)(1)(A) that "a motion for sanctions under this rule shall be made separately from other motions." *Id*.

In order to comply with the *safe harbor* provision, HFS had to serve a copy of a separate motion requesting sanctions under Rule 9011 on Mr. Woods 21 days before the request was filed with the Court. Assuming for the sake of argument that HFS's request for sanctions within its Summary Judgment Motion satisfied the separate-motion requirement, HFS has not submitted any proof that its request for Rule 9011 was served on Mr. Woods in compliance with the *safe harbor* provision of Rule 9011(c)(1)(A).[15]

Since HFS failed to strictly comply with Rule 9011 by filing its Rule 9011 request separately from other motions and failed to strictly comply with the *safe harbor* provision, the Court finds that as a matter of law, its request for Rule 9011 sanctions is not well taken and should be denied.

### ii.  Modification of Plan/Discharge Issue

The Court will note that Whitney is the only party who is liable to Feild/HFS for student loans.  In order for any student loan to be discharged, Whitney must comply with § 1328.  Section 1328 controls a discharge under a Chapter 13.  With respect to a student loan, § 1328 states in pertinent part:

§ 1328.  Discharge

(a) [A]s soon as practicable after completion by the debtor of all payments under the plan . . . unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt--

---

[15]The Court notes that the *Certificate of Service* attached to the Summary Judgment Motion states that it was served on Mr. Woods on the same day it was filed with the Court, namely November 20, 2012.

16

. . . .

(2) of the kind specified in . . . paragraph . . . (8) . . . of section 523(a);

11 U.S.C. § 1328.

Section 523 provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

. . . .

(8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for–
    (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or

       (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or

    (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

11 U.S.C. § 523.

Therefore, under §§ 1328 and 523(a)(8), a student loan can be discharged in bankruptcy if a debtor demonstrates, by a preponderance of the evidence, that requiring the repayment "would impose an undue hardship on the debtor."[16]

In *United Student Aid Funds, Inc., v. Espinosa*,[17] the United States Supreme Court addressed

---

[16] 11 U.S.C. § 523(a)(8).

[17] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010).

the issue of whether a student loan could be discharged via language in the confirmation order.  In *Espinosa,* the debtor's plan as confirmed provided that the principal of the student loan would be paid over the life of the plan with the remainder, the accrued interest, being discharged**.**  When the debtor completed his plan payments, the debtor alleged that his student loans were discharged.  The issue before the Supreme Court in *Espinosa* was whether the confirmation order effectively discharged the student loan even though the procedural requirements of the Bankruptcy Code and Bankruptcy Rules had not been met.  The Supreme Court held that even if the terms of a plan are directly contrary to the Bankruptcy Code, as long as the debtor complies with due process requirements, then those terms are binding as to those creditors that received notice of the plan and failed to object.  As aptly explained by another bankruptcy court:

> [T]he *Espinosa* court concluded that notwithstanding the improper provision, the need for finality of judgments trumped the procedural requirement of an adversary proceeding to discharge the student loan debt when the notice given to the creditor satisfied due process. The student loan creditor had received a copy of the plan and notice of the confirmation hearing, and thus had notice sufficient to satisfy the requirements of due process. Its failure to object to confirmation or to appeal the confirmation order left the confirmation order a final judgment as to all matters it addressed, including the dischargeability of the student loan debt. [*Espinosa,* 130 S. Ct.] at 1380. In other words, even though the bankruptcy court should not have confirmed the plan that discharged any part of the student loan debt, once confirmed the plan could not be revisited.

*In re Franklin*, 448 B.R. 744, 747-48 (Bankr. M.D. La. 2011).

In the case at bar, the debt to HFS is listed with the debts of all other unsecured creditors.  More importantly, the debt owed HFS is not designated as a student loan.  Assuming for the sake of argument that the debt to HFS actually is a qualified student loan[18] and that Whitney is attempting

---

[18]The Court will note that HFS has not presented any evidence in support of its assertion that the loan(s) in question are qualified student loans.  Moreover, HFS has not submitted to the Court any of the loan documents regarding Whitney's loan.

to discharge the student loan via the Confirmed Plan as urged by HFS, the Court finds that the Confirmation Order is not binding on HFS.  Pursuant to the holding of *Espinosa,* HFS did not receive timely or proper notice of the contents of the Confirmed Plan thereby giving HFS the opportunity to object to its terms.

Since the Confirmed Plan does not meet the due process standards set by the Supreme Court in *Espinosa*, the only avenue available to Whitney to discharge her student loan(s) is to file an adversary proceeding and seek a hardship discharge of the student loan(s).  Whitney has not filed an adversary proceeding seeking to have her student loans discharged as an undue hardship.  Consequently, by operation of law, her student loans will not be discharged upon completion of her plan payments.  Therefore, as a matter of law, there is no need for the Court to revoke or modify the Confirmation Order, and HFS's request is hereby denied.

### iii.  Dismissal of Adversary

In its Summary Judgment Motion and accompanying brief, there is very little discussion by HFS regarding the dismissal of the Debtors' Complaint.  HFS cites the case of  *In re Taylor*, 2012 WL 1957984 (B.A.P. 9th Cir. May 31, 2012), to support its position that the Complaint should be dismissed.  However, HFS is misguided in its reliance on *Taylor*.

In *Taylor,* the creditor initiated the action to collect on a student loan after the debtor's Chapter 7 case was discharged and closed.  The debtor subsequently reopened his case and filed a motion for contempt against the creditor for violation of the discharge order–because the debtor alleged that his student loans had been discharged.  In affirming the bankruptcy court's dismissal of the adversary, the Ninth Circuit Bankruptcy Appeals Panel found that the creditor could not be held in contempt of the discharge order because the debtor had not filed an adversary proceeding

seeking to have his student loans discharged. Consequently, the students loans were not discharged.

In the case at bar, the collection action occurred while the Debtors' bankruptcy case was pending. The adversary proceeding the Debtors filed was for violation of the automatic stay under § 362–not for violation of the discharge order. Consequently, the holding in *Taylor* is not applicable to the facts before the Court.

As noted, Whitney alleges in the Complaint that HFS violated the automatic stay of § 362 when it filed the post-petition County Court Lawsuit against her. Whitney therefore requested compensatory damages, punitive damages, attorney's fees and costs pursuant to § 362(k).

When a petition is filed, the automatic stay of § 362 goes into effect immediately. "Formal service of process is not required. Because the stay is imposed automatically, and often without notice to parties who may be stayed, a party may violate the stay without realizing that it has taken effect. In other cases, a party may knowingly violate the stay."[19] The purpose of the automatic stay is "to provide debtors with 'breathing room' to reorganize." *In re Stembridge*, 394 F.3d 383, 387 (5th Cir. 2004). The Fifth Circuit has explained that "[w]hen a bankruptcy petition is filed, an automatic stay operates as a self-executing injunction. The stay prevents creditors from taking any collection actions against the debtor or the property of the debtor's estate for pre-petition debts. 11 U.S.C. § 362(a)." *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354-55 (5th Cir. 2008).

In the case at bar, it is clear that HFS violated the automatic stay by filing the County Court Lawsuit against Whitney. The question now becomes, did HFS willfully violate the automatic stay?

[The Fifth Circuit] has held that a "willful" violation of the automatic stay means acting with knowledge of the stay:

---

[19]3 *Collier on Bankruptcy* ¶ 362.12 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

> A willful violation does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*In re Chesnut,* 422 F.3d 298, 302 (5th Cir.2005) (citation omitted). Therefore, to establish an actionable violation of the automatic stay, the [debtors] must establish: (1) that [the creditor] knew of the existence of the stay; (2) that [the creditor's] actions were willful; and (3) that [the creditor's] actions violated the automatic stay. *In re Repine,* 536 F.3d 512, 519 (5th Cir.2008).

*Campbell*, 545 F.3d at 355.

Applying this test to the case at bar, the Court finds that at the time the County Court Lawsuit was filed in October of 2011, HFS did not know of the existence of the automatic stay. The record is clear that the address listed for HFS was an incorrect address and that mail sent to the incorrect address was returned to the Court on October 11, 2011, marked "forward time exp."[20]

The record is also clear that when the attorney for HFS received a copy of the Complaint filed by the Debtors in their bankruptcy case on March 1, 2012, HFS immediately ceased all collection activities against Whitney. Consequently, the Court finds that there is no material fact in dispute that HFS did not willfully violate the automatic stay and that as a matter of law Whitney is not entitled to damages against HFS for violation of the automatic stay. Therefore, the Court finds that summary judgment should be granted in favor of HFS, and the Complaint dismissed.

### B. Summation of Section II

As noted above, "[s]ummary judgment is appropriate only if the moving parties have demonstrated the absence of a genuine dispute of material fact, and shown that judgment is

---

[20]*See* Docket Entry #19, Adversary No. 12-00023EE, October 11, 2011.

warranted as a matter of law."[21] The Court finds that as a matter of law, HFS has not met its burden for Rule 9011 sanctions to be awarded or to modify, revoke and/or clarify the Confirmation Order, and therefore, summary judgment should be denied.

However, since HFS did not willfully violate the automatic stay, the Court finds that summary judgment should be granted and that the Complaint should be dismissed.[22] The Court will turn to HFS's Motion to Dismiss.

### III.  Motion to Dismiss

### A.  Rule 7041

HFS filed its Motion to Dismiss seeking to have the Complaint dismissed pursuant to Rule 7041.  Since the Court has found that the Summary Judgment Motion should be granted in part and the Complaint dismissed, there is no need for the Court to address the substantive merits of HFS's Motion to Dismiss pursuant to Rule 7041.  However, in an attempt to conclude this adversary proceeding, the Court will address HFS' request for attorney contained within its Motion to Dismiss.

### B.  Request for Attorneys' Fees

### i.  Rule 7016(f)

In its Motion to Dismiss, HFS requests that the Court grant it attorneys' fees for defending the Complaint.  HFS cites Rule 7016(f)(1) and (f)(2) as grounds for an award of attorneys' fees against the Debtors.

Rule 7016 adopts Federal Rule of Civil Procedure 16 (hereinafter Rule 16) and is applicable

---

[21]*Palmer*, 2013 WL 3049343, at *2.

[22]The Court acknowledges that while HFS prayed in its Summary Judgment Motion and its Motion to Dismiss to dismiss the Complaint, HFS never mentions its Counterclaim in either pleading.  The Court will address HFS's Counterclaim in Section IV of this Opinion.

to adversary proceedings.   Rule 16(f) states in pertinent part:

> Rule 16.  Pretrial Conferences; Scheduling; Management.
>
> . . . .
>
> (f) Sanctions.
>
>> (1) In General.  On motion or on its own, the court may issue any just orders, . . . if a party or its attorney:
>>
>> . . . .
>>
>> (C) fails to obey a scheduling order or other pretrial order.
>>
>> (2) Imposing Fees and Costs.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

In its Motion to Dismiss, HFS states that the Debtors "clearly failed to comply with the Court's scheduling order requiring them to respond to HFS's summary judgment motion by no later than January 15, 2013."[23]  HFS contends that the failure of the Debtors to comply with this order is the justification for the award of attorneys' fees and costs pursuant to Rule 16(f).  However, in its Motion to Dismiss, HFS does not cite any case law to support its position that it is entitled to attorneys' fees pursuant to Rule 16(f).

Attached as an exhibit to the Motion to Dismiss is the *Declaration Under Penalty of Perjury by William V. Westbrook, III* (Declaration).  In his Declaration, Mr. Westbrook requests that "[a]s

---

[23]*Healthcare Financial Services, LLC's Supplemental Motion to Dismiss Adversary Complaint and Other Relief*, Adversary No. 12-00023EE, Adv. Dkt. No. 54, p. 7, February 22, 2013.

a direct and proximate result of the foregoing acts and omissions of Debtors and their counsel,"[24] the Court award HFS attorneys' fees and costs in the amount of $24,879.00.

On December 6, 2012, the Debtors filed *Plaintiffs' Motion to Extend Deadline to Respond to Healthcare Financial Services, LLC's Motion for Summary Judgment* (Adv. #52) in which the Debtors sought additional time to respond to HFS's Summary Judgment Motion. The *Order Extending Response Deadlines to Motion for Summary Judgment (Adv. Dkt. #46)*[25] (Order) was entered on December 12, 2012. The Order states "that the deadline for the Plaintiffs to respond to the Motion for Summary Judgment (Adv. Dkt. #46) shall be, and hereby is, extended until January 15, 2013, and the Plaintiffs shall file their response on or before said date."[26]

It appears that HFS interprets this Order to be a scheduling order which mandated that the Debtors file a response on or before January 15, 2013. The Court disagrees with this interpretation of the Order and finds that the Order was not a mandate to the Debtors to file a response to the Summary Judgment. Rather, the Order was entered as a result of the Debtors' request for additional time to respond beyond the 21 days provided in Uniform Local Rule 7056(3)(B). The Order simply established a deadline for a response to be filed–if the Debtors chose not to file a response by the deadline, the Debtors did so at their own peril. Consequently, the Court finds that the Debtors have not "failed to obey a scheduling order or other pretrial order"[27] as contemplated by Rule 16(f), and therefore, HFS is not entitled to an award of attorneys' fees under Rule 16(f).

---

[24]*Id.* Exhibit A, *Declaration Under Penalty of Perjury by William V. Westbrook, III*, p. 5.

[25]Adv. #53.

[26]*Order Extending Response Deadlines to Motion for Summary Judgment (Adv. Dkt. #46)*, Adversary No. 12-00023EE, Adv. #53, December 12, 2012.

[27]Fed. R. Civ. P. 16(f).

24

Having found that HFS is not entitled to attorneys' fees pursuant to Rule 16(f), the Court looks to determine if HFS has cited any other grounds in which an award of attorney's fees is proper.

### ii. *American Rule*

Since HFS has not cited any other rule or statute to support its request for the Court to award it attorneys' fees, common law is the only basis that remains. "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616, 44 L. Ed. 2d 141 (1975). Rather, each litigant is responsible for paying its own attorneys' fees. This is known as the *American Rule.*[28]

The basis for "the 'American rule'" is that 'since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel.' *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718, 87 S. Ct. 1404, 1407, 18 L. Ed. 2d 475 (1967)." *Hillman Lumber Prods., Inc. v. Webster Mfg., Inc.*, 727 F. Supp. 2d 503, 509 (W.D. La. 2010). Therefore, under the *American Rule*, the Court finds that HFS is not entitled to an award of attorneys' fees.

### IV. HFS's Counterclaim

### A. Procedural Issues

As stated previously, HFS filed its Counterclaim on April 27, 2012, against "either or both" of the Debtors. In its Counterclaim, HFS alleges that it should be awarded sanctions and attorney fees because the Debtors and their attorney committed a fraud upon the Court and that the

---

[28]A detailed history of the *American Rule* can be found in *Alyeska Pipeline.*

Confirmation Order should be revoked, modified or clarified to state that the student loans are nondischargeable unless Whitney complies with the requirements for a hardship discharge. This is basically the same relief requested by HFS in its Summary Judgment Motion. The Debtors filed their Answer to Counterclaim in which they denied the majority of HFS's allegations and stated that the Counterclaim should be dismissed.

As noted previously, neither the Summary Judgment Motion nor the Motion to Dismiss addresses HFS's Counterclaim. Under Fifth Circuit precedent, a court has the discretion to *sua sponte* grant summary judgment. *Leatherman v. Tarrant Cnty. Narcotics Intell. & Coordination Unit,* 28 F.3d 1388, 1397 (5th Cir. 1994). "Rule 56[(f)(1)][29], Fed.R.Civ.P., permits a court to grant summary judgment in favor of a party that did not request it, *Arkwright–Boston Mfrs. Mutual Ins. Co. v. Aries Marine Corp.,* 932 F.2d 442, 445 (5th Cir.1991) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)), but only 'upon proper notice to the adverse party,' *id.*"[30] Pursuant to the Fifth Circuit's holding in *NL Industries*, the Court entered its *Order* on July 15, 2013, giving the Debtors and HFS notice that the Court may resolve the Counterclaim by *sua sponte* granting summary judgment. The *Order* gave the parties fourteen (14) days to submit a legal memorandum which addresses whether there is a genuine dispute as to any material fact or whether an adequate legal basis supports the relief asserted in the Counterclaim.

On July 19, 2013, HFS filed a *Motion for Clarification of Order [Dkt #59]* (Clarification Motion) in which HFS sought a clarification of the Court's July 15, 2013, *Order* and for additional

---

[29]When *NL Industries* was decided by the Fifth Circuit in 1991, the applicable subsection of Rule 56 was subsection (c). Subsection (c) is now subsection (f)(1).

[30]*NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 965 (5th Cir. 1991), *cert. denied,* 502 U.S. 1032, 112 S. Ct. 873, 116 L. Ed. 2d 778 (1992).

time to comply with the *Order*.  In its Clarification Motion, HFS states that it objected because it believed the Court was allowing the Debtors the opportunity to submit an out of time legal memorandum on the Summary Judgment Motion and/or the Motion to Dismiss.

On July 23, 2013, the Court entered its *Order on Motion for Clarification of Order [Dkt. #59]* in which the Court stated that its *Order* did not address the Summary Judgment Motion or the Motion to Dismiss.  Rather, the *Order* only stated that the Court was considering whether to resolve the Counterclaim by *sua sponte* granting summary judgment.  The Court then granted the parties additional time, until Friday, August 9, 2013, to submit a legal memorandum in support of their position as to the relief asserted by HFS in its Counterclaim.

The Debtors did not file a legal memorandum on or before August 9, 2013; or at any time prior to the date of this Opinion.  However, HFS filed a document styled *Amendment to Motion for Summary Judgment* (Amendment) on August 9, 2013.  In its Amendment, HFS states that it "stands on its previously filed motions and memorandum except for the following supplemental correction and clarification."[31]  HFS then states that it had intended to request summary judgment as to the Counterclaim, "so the debtors will not be prejudiced by granting HFS leave to amend its pending summary judgment motion to specifically request summary judgment in HFS's favor . . . on its Counterclaim."[32]

The Court finds that HFS's request in its Amendment is not well taken and should be denied. If granted, HFS's requested modification would in essence be a new motion for summary judgment.

---

[31]*Amendment to Motion for Summary Judgment,* Adversary No. 12-00023EE, Adv. Dkt. No. 63, p. 2, ¶ 4, August 9, 2013.

[32]*Id.* at p. 3, ¶ 6.

Pursuant to the amended scheduling order (Adv. Dkt. #36), the deadline for the filing of all motions, except *in limine* motions, expired on November 20, 2012.  Consequently, the Court finds that the time has run for HFS to file a motion for summary judgment as to its Counterclaim.

Further, the *Order on Motion for Clarification of Order [Dkt. #59]* specifically states that the parties "may submit a <u>legal</u> <u>memorandum</u> to address whether there is or is not a genuine dispute as to any material fact and whether or not there is an adequate legal basis for the relief asserted by HFS in the Counterclaim. . . ."[33]  The parties were not given time to file additional motions and/or amendments to motions.

However, since HFS stated in it Amendment that it was standing on its previously filed memorandums, the Court will consider HFS's previously filed memorandums when deciding whether to *sua sponte* grant summary judgment on the Counterclaim.  In deciding this matter, the Court does not have the benefit of any memorandum from the Debtors who failed to file any response to the Summary Judgment Motion, the Motion to Dismiss, the July 15, 2013, Order, the Clarification Motion, or the July 23, 2013, Order.  The Court is mindful, however, that summary judgment may not be granted by default.

### B.  *Sua Sponte* Summary Judgment

As noted above, the relief requested in HFS's Summary Judgment Motion and in the Counterclaim are similar.  In its Counterclaim, HFS alleges that it should be awarded sanctions and attorney fees because the Debtors and their attorney committed a fraud upon the Court and that the Confirmation Order should be revoked, modified or clarified to state that the student loans are

---

[33] *Order on Motion for Clarification of Order [Dkt. #59]*, Adversary No. 12-00023EE, Adv. Dkt. No. 62, p. 3, July 23, 2013 (emphasis added).

28

nondischargeable unless Whitney complies with the requirements for a hardship discharge.

The Court viewed the Counterclaim in the light most favorable to HFS,[34] and does not find that a genuine issue for trial exists. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 106 S. Ct. at 2510.

The Court found in Section II that as a matter of law, HFS is not entitled to attorney fees or sanctions. In addition, as a matter of law, any student loans owed to HFS by Whitney were not discharged by the entry of the Confirmation Order. Consequently, the Confirmation Order does not need to be revoked, modified or clarified. Therefore, for the reasons more fully expressed in Section II of this Opinion in which the Court denied in part and granted in party summary judgment as to HFS, the Court finds that summary judgment should be granted in favor of the Debtors on the Counterclaim and that the Counterclaim should be dismissed with prejudice.

## CONCLUSION

The Debtors filed the above-styled adversary proceeding seeking sanctions against HFS under § 362(k) for violation of the automatic stay. HFS filed a Summary Judgment Motion seeking judgment in its favor. HFS has not strictly comply with Rule 9011 by filing its Rule 9011 request separately from other motions and failed to strictly comply with the *safe harbor* provision, therefore, as a matter of law, its request for Rule 9011 sanctions is not well taken and should be denied.

Since the Confirmed Plan does not meet the due process standards set by the Supreme Court in *Espinosa*, the only avenue available to Whitney to discharge her student loan(s) is to file an adversary proceeding and seek a hardship discharge of the student loan(s). Since Whitney has not

---

[34]*Thatcher*, 657 F. Supp. at 7.

filed an adversary proceeding seeking a hardship discharge, by operation of law, her student loans will not be discharged upon completion of her plan payments. Therefore, as a matter of law, there is no need for the Court to revoke or modify the Confirmation Order. Therefore, summary judgment should be denied.

However, the Court finds that summary judgment should be granted and the Complaint dismissed because there is no genuine dispute that while HFS did violate the automatic stay, it did not willfully violate the automatic stay. Consequently, as a matter of law, the Complaint should be dismissed.

Since the Court is granting summary judgment and dismissing the Complaint, the Motion to Dismiss pursuant to Rule 7041 is moot.

As to the request for attorneys' fees contained within its Motion to Dismiss, the Court finds that HFS has failed to show that the Debtors "failed to obey a scheduling order or other pretrial order"[35] as contemplated by Rule 16(f). Therefore, HFS is not entitled to an award of attorneys' fees under Rule 16(f). Since HFS failed to provide any other grounds for an award of attorneys' fees, pursuant to the *American Rule*, HFS is not entitled to an award of attorneys' fees.

The relief requested by HFS in its Counterclaim is similar to the relief requested in the Summary Judgment Motion. Since the parties were given notice that the Court was considering whether to grant *sua sponte* summary judgment on the Counterclaim and were given an opportunity to file a legal memorandum in support of their position, the Court may grant summary judgment on the Counterclaim. For the reasons expressed in Section II of this Opinion, the Court finds as a matter of law that summary judgment should be granted *sua sponte* in favor of the Debtors, and the

---

[35]Fed. R. Civ. P. 16(f).

Counterclaim dismissed.

A separate judgment consistent with this opinion will be entered in accordance with Rule

7054 of the Federal Rules of Bankruptcy Procedure.

Edward Ellington
United States Bankruptcy Judge
Dated: August 19, 2013